WA/WD PTS-NoAction
(01/19)

# UNITED STATES DISTRICT COURT
for
Western District of Washington

Report on Defendant Under Pretrial Services Supervision

**Date of Report:** 01/05/2021

**Name of Defendant:** Margaret Aislinn Channon  **Case Number:** 2:20-00336M-1

**Name of Judicial Officer:**  The Honorable Brian A. Tsuchida, Chief United States Magistrate Judge

**Original Offense:**  Arson (Counts 1-5); Use of Fire to Commit a Felony (Count 6); and Obstructing Law Enforcement Officers During a Civil Disorder (Count 7)

**Date Supervision Commenced:** 07/21/2020

Bond Conditions Imposed:

- Submit to drug and alcohol testing, to include urinalysis, breathalyzer, or hand-held testing devices, as directed by Pretrial Services. You shall not use, consume, or possess alcohol, any product containing alcohol, or other intoxicants, including medication, unless prescribed to you by a physician and under the direction of Pretrial Services. Obtain an alcohol/substance abuse evaluation and follow any treatment recommendations as directed by Pretrial Services. You shall participate as directed in a program approved by the probation and pretrial services office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol.

- Travel is restricted to the Western District of Washington, or as directed by Pretrial Services.

- Surrender all current and expired passports and travel documents to the court. Do not apply for/obtain a new passport or travel document from any country without permission of the court. If the surrendered passport is a foreign passport, it shall be forwarded to Immigration and Customs Enforcement if defendant is convicted of an offense, unless otherwise ordered by the Court.

- Maintain residence as directed. Do not change residence without prior approval of Pretrial Services or as directed by Pretrial Services.

- You are prohibited from possessing or having access to firearms and dangerous weapons. All firearms and dangerous weapons must be removed from your residence(s), vehicle(s), and place of employment. This condition operates in conjunction with any restrictions imposed under Title 18, USC 922, and the Washington State Revised Code, Chapter 9.41.

- Release on third-party custody to: Elizabeth MacGahan

- Undergo a mental health, psychiatric or psychological evaluation and follow all treatment recommendations in that evaluation, as directed by Pretrial Services. You shall take all medications as prescribed.

- You must contribute towards the costs of the services required by this bond, to the extent you are financially able to do so, as determined by Pretrial Services.

- The defendant shall abide by all federal, state, and local directives regarding the COVID-19 pandemic.

Case 2:20-cr-00129-JCC   Document 54   Filed 01/06/21   Page 2 of 3

The Honorable Brian A. Tsuchida, Chief United States Magistrate Judge         Page 2
Report on Defendant Under Pretrial Services Supervision                        1/5/2021

- The defendant shall participate in the location monitoring program with Active Global Positioning Satellite technology. The defendant shall comply with a curfew as directed by the location monitoring specialist. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist. **The location monitoring specialist will coordinate the defendant's release with the U.S. Marshals.**

## NONCOMPLIANCE SUMMARY

The defendant has not complied with the following conditions of supervision:

**Nature of Noncompliance**
1. The defendant violated the special condition that she abide by a curfew as directed by the location monitoring specialist and abide by all program requirements, on or about December 23, 2020, when she failed to return home by 9:00p.m., in violation of a special condition of supervision.

*Supporting Evidence*:
On December 23, 2020, I received an alert from the monitoring company reporting that Ms. Channon failed to enter her residence by 9:00p.m. as scheduled. I attempted to contact Ms. Channon several times leaving voice messages at 9:27 p.m. and 9:43 p.m. Additionally, I left a voice message for her mother/third party custodian. After a review of the Global Positioning Satellite mapping data, I determined that she was at Hot Mamma's Pizza, a previous employer. I contacted Ms. Channon by calling Hot Mamma's Pizza and verifying that she was working. She explained that she was asked to pick up some holiday shifts and forgot to notify me that she was scheduled for a closing shift this evening. She was verbally admonished and reinstructed on schedule requests.

2. The defendant violated the special condition that she abide by a curfew as directed by the location monitoring specialist and abide by all program requirements on or about December 24, 2020, when she failed to return home by 9:00p.m., in violation of a special condition of supervision.

*Supporting Evidence*:
On December 24, 2020, I received an alert from the monitoring company reporting that Ms. Channon failed to enter her residence by 9:00 p.m. as scheduled. I attempted to contact Ms. Channon several times leaving voice messages at 9:20 p.m. and 9:58 p.m. Additionally, I sent messages to her tracker which she acknowledged, however she did not immediately leave her location. I then contacted her mother/third party custodian and was told that Ms. Channon was visiting with her father who was in town for the holidays. Ms. Channon returned home at 10:00 p.m. I contacted her and she explained that she was visiting with her father who was in town and lost track of time. She was verbally admonished and her schedule was modified for one day.

On July 15, 2020, Ms. Channon appeared before Your Honor and was ordered released on an appearance bond with a special condition that she participate in a location monitoring program with a curfew as directed by the location monitoring specialist.

Ms. Channon has been warned on several occasions about her lack of communication and failure to check voice messages and emails. Unless she has been approved otherwise, Ms. Channon has been advised that she has a curfew of 9:00 p.m. until 6:00 a.m. In response to this occurrence, she was verbally admonished and her schedule was modified for Christmas Day. Additionally, I have contacted defense counsel and the assigned pretrial services officer for compliance assistance.

The Honorable Brian A. Tsuchida, Chief United States Magistrate Judge  Page 3
Report on Defendant Under Pretrial Services Supervision  1/5/2021

**United States Probation Officer Action:**

☒ Reprimand and one day modified schedule
☒ Defense counsel contacted for compliance assistance

I consulted with Assistant United States Attorney Todd Greenberg, as well as defense counsel, Vanessa Pai-Thompson, and they concur with my recommendation.

I respectfully recommend that the Court endorse the actions taken at this time.

| | |
|---|---|
| I swear under penalty of perjury that the foregoing is true and correct. | APPROVED: Monique D. Neal Chief United States Probation and Pretrial Services Officer |
| Executed on this 5th day of January, 2021. | BY: |
| *Blodgett* (signature) | *Jaymie Parkhurst* (signature) |
| Jeanie Blodgett United States Probation Officer | Jaymie Parkhurst Supervising United States Probation Officer |

**THE COURT FINDS PROBABLE CAUSE AND DIRECTS:**

☒ Judicial Officer endorses the United States Probation Officer's actions
☐ Issue a Summons
☐ Issue a Warrant
☐ Other

_____
Brian A. Tsuchida, Chief United States Magistrate Judge

Jan. 6, 2020
Date