THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MARGARET AISLINN CHANNON,<br><br>　　　　　　Defendant. | CASE NO. CR20-0129-JCC<br><br>ORDER |

This matter comes before the Court on the parties' joint motion to continue trial (Dkt. No. 55). On August 20, 2020, Ms. Channon was charged by indictment with arson, using fire to commit a felony, and obstructing law enforcement officers during a civil disorder. (Dkt. No. 44.) Trial is currently scheduled for March 8, 2021. (Dkt. No. 53.) The parties move to continue trial to June 7, 2021. (Dkt. No. 55 at 1.) Having thoroughly considered the motion, the relevant record, and General Orders 01-20, 02-20, 03-20, 04-20, 07-20, 08-20, 13-20, 15-20, and 18-20 of the United States District Court for the Western District of Washington, addressing measures to reduce the spread and health risks from COVID-19, which are incorporated herein by reference, the Court GRANTS the motion for the reasons explained below.

The parties seek a continuance because the COVID-19 pandemic makes it unlikely that it will be possible to proceed with a jury trial on March 8, 2021. (Dkt. No. 55 at 2–3.) The parties cite the recent increase in COVID-19 infection, hospitalization, and death rates and the ongoing

ORDER
CR20-0129-JCC
PAGE - 1

public health guidance counseling against large indoor gatherings. (*Id.* at 2.) Although a statewide vaccination effort has begun, the parties cite Washington State Department of Health announcements regarding vaccination timelines that demonstrate the majority of individuals with business in the courthouse, including potential jurors, are unlikely to be fully vaccinated by March. (*Id.* at 2–3.) Based on current infection rates, vaccination progress, and public health guidance, an in-person jury trial on the current case schedule would create unacceptable public health and safety hazards, and it would be difficult, if not impossible, for the Court to obtain a jury pool that would represent a fair cross section of the community. (*Id.* at 3-4.) The parties agree that a continuance is also needed to provide defense counsel adequate time to prepare for trial because discovery materials in this case are extremely voluminous. (*Id.* at 4.)

For all the reasons set forth in the parties' joint motion, the Court CONTINUES trial to June 7, 2021 and FINDS that the ends of justice served by continuing the trial in this case outweigh the best interest of the public and Defendant to a speedy trial. The Court further FINDS:

1. In light of the recommendations made by the Centers for Disease Control and Prevention (CDC) and Public Health for Seattle and King County regarding social distancing measures required to stop the spread of this disease, as well as the lack of the type of personal protective equipment necessary to ensure the health and safety of all participants, it is not possible to proceed with trial on the current case schedule. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Indeed, General Order 18-20 ordered that no in-person trials occur prior to March 31, 2021 based on the specific factual findings in that order and the current state of the COVID-19 pandemic. The rates of infection, hospitalization, and death associated with the COVID-19 pandemic are currently as high or higher in many parts of the district than they have been since the start of the pandemic.

2. Because of the recommendations that the many individuals at higher risk of

contracting this disease avoid large groups of people, and because vaccination of those groups is not complete, it would be difficult, if not impossible, on the current case schedule to obtain a jury pool that would represent a fair cross section of the community. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Based on the recommendations, it would also be medically inadvisable to do so.

3. Further, taking into account the exercise of due diligence, the failure to grant a continuance would deny Defendant's counsel reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

4. As a result, the failure to grant a continuance of the trial date in this case would likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

Accordingly, the Court ORDERS:

1. Trial in this matter is CONTINUED to June 7, 2021.
2. The pretrial motions deadline is CONTINUED to April 26, 2021.
3. The period of time between the date of this Order and the new trial date is an excludable time period under 18 U.S.C. § 3161(h)(7)(A).

DATED this 29th day of January 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE