```
_____ FILED     _____ ENTERED
_____ LODGED    _____ RECEIVED
```

The Honorable John C. Coughenour

## SEP 28 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                           DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARGARET AISLINN CHANNON,<br><br>Defendant. | No. CR20-129 JCC<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Todd Greenberg, Assistant United States Attorney for said District, Defendant Margaret Aislinn Channon, and Defendant's attorney, Vanessa Pai-Thompson, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c).

1.      **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Indictment: *Arson*, in violation of Title 18, United States Code, Sections 844(f)(1) and 844(i), as charged in Count 1.

//

//

Plea Agreement - 1
*U.S. v. Channon,* CR20-129JCC

1   By entering the plea of guilty, Defendant hereby waives all objections to the form

2   of the charging document.  Defendant further understands that before entering any guilty

3   plea, Defendant will be placed under oath. Any statement given by Defendant under oath

4   may be used by the United States in a prosecution for perjury or false statement.

5   2.   **Elements of the Offense**.  The elements of the offense to which Defendant

6   is pleading guilty are as follows:

7   First, Defendant used means of fire;

8   Second, Defendant maliciously damaged or destroyed, or attempted to damage or

9   destroy, a vehicle; and

10  Third, the vehicle was used in interstate or foreign commerce or an activity

11  affecting interstate or foreign commerce [§ 844(i)]; or was in whole or in part

12  owned or possessed by an institution or organization receiving Federal financial

13  assistance [§ 844(f)(1)].

14  3.   **The Penalties**.  Defendant understands that the statutory penalties

15  applicable to the offense to which Defendant is pleading guilty are as follows: A

16  maximum term of imprisonment of twenty (20) years; a mandatory minimum term of

17  imprisonment of five (5) years; a fine of up to $250,000; a period of supervision

18  following release from prison of up to three years; and a mandatory special assessment of

19  $100 dollars.  If a probationary sentence is imposed, the probation period can be for up to

20  five years.

21  Defendant understands that supervised release is a period of time following

22  imprisonment during which Defendant will be subject to certain restrictive conditions and

23  requirements.  Defendant further understands that, if supervised release is imposed and

24  Defendant violates one or more of the conditions or requirements, Defendant could be

25  returned to prison for all or part of the term of supervised release that was originally

26  imposed.  This could result in Defendant serving a total term of imprisonment greater

27  than the statutory maximum stated above.

28

Plea Agreement - 2
*U.S. v. Channon*, CR20-129JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Defendant understands that as a part of any sentence, in addition to any term of

2  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

3  restitution to any victim of the offense, as required by law.

4    Defendant further understands that the consequences of pleading guilty may

5  include the forfeiture of certain property, either as a part of the sentence imposed by the

6  Court, or as a result of civil judicial or administrative process.

7    Defendant agrees that any monetary penalty the Court imposes, including the

8  special assessment, fine, costs, or restitution, is due and payable immediately and further

9  agrees to submit a completed Financial Statement of Debtor form as requested by the

10  United States Attorney's Office.

11    4.    **Rights Waived by Pleading Guilty.**  Defendant understands that by

12  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

13        a.    The right to plead not guilty and to persist in a plea of not guilty;

14        b.    The right to a speedy and public trial before a jury of Defendant's

15  peers;

16        c.    The right to the effective assistance of counsel at trial, including, if

17  Defendant could not afford an attorney, the right to have the Court appoint one for

18  Defendant;

19        d.    The right to be presumed innocent until guilt has been established

20  beyond a reasonable doubt at trial;

21        e.    The right to confront and cross-examine witnesses against Defendant

22  at trial;

23        f.    The right to compel or subpoena witnesses to appear on Defendant's

24  behalf at trial;

25        g.    The right to testify or to remain silent at trial, at which trial such

26  silence could not be used against Defendant; and

27        h.    The right to appeal a finding of guilt or any pretrial rulings.

28

Plea Agreement - 3
*U.S. v. Channon*, CR20-129JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

Plea Agreement - 4
*U.S. v. Channon*, CR20-129JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

7.     **Statement of Facts**. The parties agree on the following facts. Defendant

2

admits Defendant is guilty of the charged offense:

3

On May 30, 2020, there was a large protest in downtown Seattle,

4

Washington.  SPD officers were in the area to direct traffic and ensure the safety of people and property.  The SPD officers used several vehicles to

5

respond to the protest, including Vehicles 1-5.  These SPD vehicles were to

6

be used for a variety of purposes during the protest, including to transport police officers and law enforcement equipment; to document acts of

7

violence and property destruction using video equipment installed in some

8

of the vehicles; and to download surveillance video documenting acts of violence and property destruction provided by local businesses and

9

residences in support of SPD criminal investigations.

10

During the protest, SPD officers parked Vehicles 1-5 at various locations

11

on the block formed by 6th Avenue, 5th Avenue, Pine Street, and Olive

12

Way.  The officers then began patrolling the area on foot during the protest.

13

Margaret Channon was present at the protest in downtown Seattle.

14

Channon was wearing several distinctive items of clothing, including: a striped scarf; mismatched green and pink patterned socks; black shoes with

15

a brown sole and distinctive gold eyelets; and a black t-shirt with a

16

distinctive grey pattern on the front.  Channon also had distinctive tattoos on her right shoulder, left elbow, and left bicep that were occasionally

17

visible.

18

At approximately 4:06 p.m., Vehicle 5 was damaged by acts of vandalism

19

conducted by several unknown suspects (not Channon).  These unknown

20

suspects broke Vehicle 5's windows and doors and caused a small fire on the ground underneath the front passenger door.  Channon then approached

21

Vehicle 5 and threw an item of black clothing into the fire under the car.

22

Moments later, Channon held a spray can up to a lighter and lit the exhaust. Channon sprayed flames into the rear hatch of Vehicle 5 for several

23

seconds.  Channon then re-ignited the can's exhaust.  She leaned into the

24

open rear door of the vehicle and sprayed flames into the back seat.  She then left the area of Vehicle 5.  As she left, the vehicle was smoking

25

heavily and flames were burning inside the vehicle.  Moments later, flames

26

filled the passenger compartment and rose well above the roof of the vehicle.  The fire progressed until Vehicle 5 was fully engulfed in flames.

27

After leaving Vehicle 5, Channon went to the Old Navy store across Pine

28

Street.  The storefront windows had been broken and Channon entered Old

Navy through the smashed storefront. She knocked over racks and tables of cloths and then threw large quantities of clothing out on the sidewalk. She left the store a few moments later, taking with her a light colored, striped long sleeve shirt that she tied around her waist.

Channon next approached the passenger side of Vehicle 3 and began striking it with an object she held in her right hand. Channon stood at the smashed passenger window and sprayed flaming exhaust from a can into Vehicle 3. Smoke immediately started rising from the vehicle. Channon then ran away from Vehicle 3 towards Vehicle 4 with the flaming can in her hand. Channon next sprayed flames into the front passenger window of Vehicle 4 and smoke began to emanate from Vehicle 4. Channon then ran back towards Vehicle 3. Channon stood next to Vehicle 3 and sprayed flaming exhaust from a can into the passenger window of Vehicle 3. Additional smoke began rising from Vehicle 3.

Channon next approached the driver's window of Vehicle 1 and ignited the exhaust from an aerosol can, causing it to spew flames. She then held the flaming can inside the vehicle, first aiming the flames towards the driver's seat and then towards the interior roof of the vehicle. After several seconds, the flame went out. Channon brought the can back towards her body and reignited it. She then aimed the flame at the driver's seat for approximately 13 seconds until the flame went out again. Channon lit the exhaust from the can again and, for several seconds, aimed it at the seat and then the roof. Large flames began to emanate from Vehicle 1. The flames inside Vehicle 1 ultimately expanded and spread to the adjacent Vehicle 2.

The fires in the five SPD vehicles continued to burn until each of the cars were fully engulfed in flames. Flames from the vehicles extended above the vehicles and at times flared high enough to touch the roof/awning of the Nordstrom store in front of which some of the vehicles were parked. The SPD vehicles were destroyed by fire and rendered inoperable, with little remaining besides the metal frames of the vehicles.

Channon committed other acts of property destruction during this same time period. For example, Channon smashed the windows of a Verizon with an object she was holding in her right hand. She later entered a Jimmy Johns store and damaged electronic items inside the store, including smashing the cash register on the ground and throwing other heavy electronic items throughout the store.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Channon was arrested by federal agents on June 10, 2020. During a search of Channon's bedroom, agents found many of the distinctive articles of clothing worn by Channon during the arsons, including the striped scarf, mismatched socks, black/brown shoes, and the patterned black t-shirt. Agents also recovered from the desk in Channon's bedroom a hand-written drawing of the Fremont Troll throwing a police car into a fire, while a rat roasted a marshmallow over the flame. This drawing was dated February 29, 2020, and had "Margaret" written directly over the troll.

The Seattle Police Department is involved in interstate and foreign commerce and in activities affecting interstate and foreign commerce, and is also an institution and organization that receives Federal financial assistance.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

8.      **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

A base offense level of 24, pursuant to USSG § 2K1.4(a)(1).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

9.      **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of

Plea Agreement - 7
*U.S. v. Channon*, CR20-129JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant's intention to plead guilty, thereby permitting the United States to avoid

2  preparing for trial and permitting the Court to allocate its resources efficiently.

3      10.  **Recommendation Regarding Imprisonment**. The government and

4  Defendant agree to recommend a sentence of 60 months of imprisonment.  Defendant

5  understands that these recommendations are not binding on the Court and the Court may

6  reject the recommendations of the parties and may impose any term of imprisonment up

7  to the statutory maximum penalty authorized by law. Defendant further understands that

8  Defendant cannot withdraw the guilty plea simply because of the sentence imposed by

9  the Court.  Except as otherwise provided in this Plea Agreement, the parties are free to

10  present arguments regarding any other aspect of sentencing.

11      11.  **Restitution.** Defendant agrees that the Court can order Defendant to pay

12  restitution to the Seattle Police Department, the victim of Defendant's crimes.  Defendant

13  is aware that the United States will present evidence supporting an order of restitution for

14  all losses caused by all of Defendant's criminal conduct known to the United States at the

15  time of Defendant's guilty plea.  In exchange for the promises by the United States

16  contained in this plea agreement, Defendant agrees that Defendant will be responsible for

17  any order by the District Court requiring the payment of restitution for such losses.

18      a.  The full amount of restitution shall be due and payable immediately

19      on entry of judgment and shall be paid as quickly as possible.  If the Court finds

20      that the defendant is unable to make immediate restitution in full and sets a

21      payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that

22      the Court's schedule represents a minimum payment obligation and does not

23      preclude the U.S. Attorney's Office from pursuing any other means by which to

24      satisfy the defendant's full and immediately-enforceable financial obligation,

25      including, but not limited to, by pursuing assets that come to light only after the

26      district court finds that the defendant is unable to make immediate restitution.

27      b.  Defendant agrees to disclose all assets in which Defendant has any

28      interest or over which Defendant exercises control, directly or indirectly, including

Plea Agreement - 8
*U.S. v. Channon*, CR20-129JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  those held by a spouse, nominee, or third party.  Defendant agrees to cooperate

2  fully with the United States' investigation identifying all property in which

3  Defendant has an interest and with the United States' lawful efforts to enforce

4  prompt payment of the financial obligations to be imposed in connection with this

5  prosecution.  Defendant's cooperation obligations are:  (1) before sentencing, and

6  no more than 30 days after executing this Plea Agreement, truthfully and

7  completely executing a Financial Disclosure Statement provided by the United

8  States Attorney's Office and signed under penalty of perjury regarding

9  Defendant's and Defendant's spouse's financial circumstances and producing

10  supporting documentation, including  tax returns, as requested; (2) providing

11  updates with any material changes in circumstances, as described in 18 U.S.C.

12  § 3664(k), within seven days of the event giving rise to the changed

13  circumstances; (3) authorizing the United States Attorney's Office to obtain

14  Defendant's credit report before sentencing; (4) providing waivers, consents or

15  releases requested by the U.S. Attorney's Office to access records to verify the

16  financial information; (5) authorizing the U.S. Attorney's Office to inspect and

17  copy all financial documents and information held by the U.S. Probation Office;

18  (6) submitting to an interview regarding Defendant's Financial Statement and

19  supporting documents before sentencing (if requested by the United States

20  Attorney's Office), and fully and truthfully answering questions during such

21  interview; and (7) notifying the United States Attorney's Office before transferring

22  any interest in property owned directly or indirectly by Defendant, including any

23  interest held or owned in any other name, including all forms of business entities

24  and trusts.

25        c.     The parties acknowledge that voluntary payment of restitution prior

26  to the adjudication of guilt is a factor the Court considers in determining whether

27  Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

28

Plea Agreement - 9
*U.S. v. Channon*, CR20-129JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. **Abandonment of Contraband**. Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

13. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss the remaining charges brought in the Indictment filed in this matter and not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation.  In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement.  Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.  Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

14. **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence.  Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Plea Agreement - 10
*U.S. v. Channon*, CR20-129JCC

1  Defendant further understands that if, after the date of this Agreement, Defendant

2  should engage in illegal conduct, or conduct that violates any conditions of release or the

3  conditions of confinement (examples of which include, but are not limited to, obstruction

4  of justice, failure to appear for a court proceeding, criminal conduct while pending

5  sentencing, and false statements to law enforcement agents, the Pretrial Services Officer,

6  Probation Officer, or Court), the United States is free under this Plea Agreement to file

7  additional charges against Defendant or to seek a sentence that takes such conduct into

8  consideration by requesting the Court to apply additional adjustments or enhancements in

9  its Sentencing Guidelines calculations in order to increase the applicable advisory

10  Guidelines range, and/or by seeking an upward departure or variance from the calculated

11  advisory Guidelines range.  Under these circumstances, the United States is free to seek

12  such adjustments, enhancements, departures, and/or variances even if otherwise

13  precluded by the terms of the Plea Agreement.

14  15.  **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant

15  acknowledges that, by entering the guilty pleas required by this plea agreement,

16  Defendant waives all rights to appeal from Defendant's conviction, and any pretrial

17  rulings of the Court, and any rulings of the Court made prior to entry of the judgment of

18  conviction.  Defendant further agrees that, provided the Court imposes a custodial

19  sentence that is within or below the Sentencing Guidelines range (or the statutory

20  mandatory minimum, if greater than the Guidelines range) as determined by the Court at

21  the time of sentencing, Defendant waives to the full extent of the law:

22  a.  Any right conferred by Title 18, United States Code, Section 3742,

23  to challenge, on direct appeal, the sentence imposed by the Court, including any

24  fine, restitution order, probation or supervised release conditions, or forfeiture

25  order (if applicable); and

26  b.  Any right to bring a collateral attack against the conviction and

27  sentence, including any restitution order imposed, except as it may relate to the

28  effectiveness of legal representation.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

16.     **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

17.     **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//
//
//
//
//
//
//
//

Plea Agreement - 12
*U.S. v. Channon*, CR20-129JCC

1       18.    **Completeness of Agreement**.  The United States and Defendant

2 acknowledge that these terms constitute the entire Plea Agreement between the parties,

3 except as may be set forth on the record at the change of plea hearing in this matter. This

4 Agreement binds only the United States Attorney's Office for the Western District of

5 Washington.  It does not bind any other United States Attorney's Office or any other

6 office or agency of the United States, or any state or local prosecutor.

7       Dated this _28_ day of September, 2021.

8

9                   _____

10                   MARGARET AISLINN CHANNON
                   Defendant

11

12

13                   _____
                   VANESSA PAI-THOMPSON
                   Attorney for Defendant

14

15

16                   _____
                   TODD GREENBERG

17                   Assistant United States Attorney

18

19

20

21

22

23

24

25

26

27

28

Plea Agreement - 13
*U.S. v. Channon*, CR20-129JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970