Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARGARET AISLINN CHANNON,<br><br>Defendant. | NO. CR20-129 JCC<br><br>UNITED STATES' SENTENCING MEMORANDUM |

I.   **Introduction.**

On May 30, 2020, there was a large protest gathering in downtown Seattle in response to the murder of George Floyd. Thousands of people attended the gathering in protest of police brutality and to voice their support for important causes involving equal justice. Nearly all the protestors acted responsibly and lawfully.

Unfortunately, a small number of people – including Margaret Channon – took advantage of the surrounding events to commit acts of violence and property destruction. Channon was certainly not alone, but she was one of the primary instigators of the dangerous criminal activities that took place during the May 30 protest. Channon and others like her triggered a dangerous change in the environment surrounding the protest –

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*United States v. Channon,* CR20-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

creating an atmosphere of civil disorder that resulted in injuries to protestors, police officers, extensive property destruction, and numerous arrests.

Channon's conduct detracted from the important messages the protestors intended to send. What should have been an inspiring event involving masses of peaceful protestors exercising their civil rights was instead derailed into a dangerous civil disorder. Due in large part to Channon's crimes, the indelible images of the May 30 protest ended up being burning police cars and smoke billowing throughout downtown Seattle.

## II. The Sentencing Guidelines Calculations.

The government concurs with the Sentencing Guidelines calculations set forth in the Presentence Report. To date, Channon has not accepted responsibility for the offense conduct. PSR ¶ 28. Therefore, the total offense level is 24, Channon's Criminal History Category is I, and the advisory Sentencing Guidelines range is 51-63 months. If Channon receives a three-level reduction for Acceptance of Responsibility, the Guidelines range would be 37-46 months.

## III. Sentencing Recommendation.

For the reasons set forth herein, the government recommends that the Court sentence the defendant to a term of imprisonment of **60 months** and a term of supervised release of three years, with all the conditions of supervised release recommended by the Probation Office. The various statutory sentencing factors support a custodial sentence of 60 months in this case, including, most prominently, the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the history and characteristics of the defendant; the need for the sentence to afford adequate deterrence to criminal conduct; and the need to avoid unwarranted sentencing disparity.

//
//
//
//

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Channon,* CR20-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**A. The Nature and Circumstances of the Offense and Need for the Sentence to Reflect the Seriousness of the Offense and to Provide Just Punishment.**

In evaluating Channon's offense conduct, the Court should focus on several aggravating factors that support a 60-month sentence.

**1. Channon's Conduct Created a Substantial Risk of Injury to Numerous Bystanders.**

Channon's offenses were extremely dangerous. She torched five Seattle Police Department ("SPD") vehicles that were parked in downtown for purposes of conducting crowd control during the May 30 protest. Channon methodically moved from vehicle to vehicle, using an aerosol can and a lighter as a makeshift blowtorch to set fires inside of, and ultimately destroy, all five SPD vehicles. In between the arsons, Channon engaged in destructive looting of multiple businesses in downtown Seattle.

Channon's 25-minute rampage was documented in videos and photographs taken by the media, police officers, and numerous bystanders. *Exhibit 1* contains photographs and video stills depicting Channon's conduct, as described below:

- Pages 1 and 2 of *Exhibit 1* contain photographs of Channon spraying flames into the SPD vehicles. Pages 3 and 4 show the results of Channon's arsons – the police vehicles fully engulfed in flames and smoke billowing throughout downtown Seattle.

- Pages 5 and 6 of *Exhibit 1* contain images of the SPD vehicles after the arsons. Channon literally burned the vehicles to their frames.

- Page 7 of *Exhibit 1* contains three images of Channon looting an Old Navy store. The top image shows Channon climbing over debris and entering the store through smashed windows. The middle image is taken from a surveillance video which captured Channon destroying the interior of the store and throwing large quantities of merchandise onto the sidewalk for others to steal. The bottom image shows Channon leaving the Old Navy store carrying a stolen shirt that she later burned and placed (flaming) inside an SPD vehicle.

//
//

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. Channon,* CR20-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Page 8 of *Exhibit 1* shows additional images of Channon's property destruction. The image on the left depicts Channon damaging the façade of a Verizon Wireless store by smashing it repeatedly with an object in her hand. The red-toned images are taken from a surveillance camera inside of a Jimmy Johns store. Channon ransacked the interior of the store by smashing a cash register on the ground and breaking other items in the store.

As depicted in some of the photographs in *Exhibit 1*, hundreds of people were standing in the vicinity of the police cars that Channon burned, some only a few feet away. All of them were in harm's way if one of the vehicles had exploded. As emphasized in the Presentence Report: "Channon set fire to several Seattle Police Department vehicles in the middle of a street protest in which hundreds of people were present. Any of these burning vehicles had the potential to injure or kill multiple people in the direct vicinity had they exploded or had the fires spread." PSR ¶ 21. Channon knowingly created this substantial risk of injury to numerous other people. Fortunately – and somewhat incredibly – there were no known injuries as a direct result of her arsons.

Besides the physical danger caused by Channon's arsons, her crimes were dangerous because they had the potential to trigger the type of "tense, hostile atmosphere that is often a recipe for violent clashes between police and protesters." Order (Dkt. 37) at 6-7 (citing Edward R. Maguire, *New Directions in Protest Policing*, 35 St. Louis U. Pub. L. Rev. 67, 91-96 (2015)).

### 2. Channon's Conduct was Deliberate and Persistent.

Channon's activities leading up to, during, and after the May 30 protest strongly suggest that she attended the protest with a plan to commit the arsons. She was not someone who attended the protests intending to engage in non-violent freedom of expression, but who got caught-up in an emotional moment and unexpectedly lost control. Instead, a commonsense evaluation of the evidence leads to the conclusion that Channon's conduct was deliberate and planned.

//
//

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Channon,* CR20-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

First, during a search of Channon's bedroom, agents recovered a drawing that presaged her arsons on May 30. The drawing depicted the Fremont Troll throwing a police car into a fire, while a rat roasted a marshmallow over the flame. *Exhibit 1* at pages 9-10. This drawing was dated February 29, 2020 – three months prior to the arsons – and had Channon's first name of "Margaret" written directly over the troll. It cannot be a coincidence that Channon reenacted this scene in downtown Seattle on May 30, 2020.

Second, the deliberate and persistent nature of Channon's offense conduct suggests a level of intentionality that is consistent with a planned course of action. Channon's crimes took place over 25 minutes. She had ample time to "cool off" and leave the downtown area at any time. Instead, Channon continued with her crimes until all the target SPD vehicles were engulfed in flames. Channon methodically moved from vehicle to vehicle, using her makeshift blowtorch to burn different areas of the vehicles. She returned to some of the cars that were not sufficiently burning to add to the damage.

Third, Channon's possession of the items used to commit the arsons suggests that she brought them with her to the protest with a plan in mind. Earlier in these proceedings, Channon suggested that she may have randomly found the aerosol can and lighter on the ground during the protest. While that claim cannot be definitively disproven by the government, the facts of this case suggest it is much more likely that Channon brought the items with her and planned to use them.

Lastly, Channon's conduct during the week after the arsons is consistent with someone who had a motive and acted on it at the May 30 protest. In early June, Channon used her smartphone to conduct several concerning internet searches. FBI agents recovered evidence of these searches on Channon's phone pursuant to the execution of a federal search warrant. Specifically, Channon conducted the following searches:

- On June 6, 2020, Channon ran several searches regarding how to purchase and use various explosive materials. For example, Channon searched for "what is a blasting cap" and "buy blasting caps," and reviewed multiple PDF documents about using blasting cap explosives.

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*United States v. Channon,* CR20-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- On June 6, 2020, Channon ran searches related to the explosive compound ANFO, which was specifically referenced in some of the PDF documents. According to FBI agents, ANFO is a secondary explosive made from ammonium nitrate and fuel oil and is a common homemade explosive due to its simplicity. A secondary explosive such as ANFO is typically used with a more sensitive primary explosive such as blasting caps.

- On June 1, 2020, Channon ran numerous searches trying to find personal identifying information about SPD Officer J.C. This officer incorrectly had been identified over social media as the officer who allegedly used pepper spray against a minor female in Seattle on May 29, 2020. As a result, on May 29-30, 2020, there were numerous calls over social media encouraging retaliation against Officer J.C. Channon ran various searches including "how to find a police officer online," "find a police officer's address by badge number," and searching for J.C.'s name in the White Pages.

### B. Channon's History and Characteristics.

Channon's personal history and characteristics contain both mitigating and aggravating aspects. Channon has a limited criminal history, having been convicted of only one misdemeanor offense and arrested on a few other occasions for minor offenses. Channon's upbringing was relatively stable. She did not encounter the types of difficult familial and environmental circumstances that are often presented by defendants whom this Court sentences. Channon has had some struggles with substance abuse and mental health issues, including while on pretrial supervision.

### C. Avoiding Unwarranted Sentencing Disparity.

Channon's case is one of five matters charged by the U.S. Attorney's Office involving arsons against SPD property during incidents of civil disorder in the summer of 2020. Although each case and defendant present unique circumstances, the government is mindful of the need to avoid an unwarranted sentencing disparity in Channon's case. The sentences imposed in the other cases are summarized as follows:

//
//
//

GOVERNMENT'S SENTENCING MEMORANDUM - 6
*United States v. Channon,* CR20-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- This Court sentenced Desmond David-Pitts to 20 months of imprisonment for setting a fire inside the East Precinct sallyport during a civil disorder surrounding the precinct. *United States v. David-Pitts*, CR20-143 JCC.

- This Court sentenced Isaiah Willoughby to 24 months of imprisonment for setting a fire at the SPD East Precinct during the CHOP/CHAZ protest period. *United States v. Willoughby*, CR20-111 JCC.

- Kelly Jackson was sentenced to 40 months of imprisonment for throwing Molotov cocktails at two SPD vehicles during the protest on May 30, 2020. *United States v. Jackson*, CR20-148 JLR.

- Tyre Means was sentenced to 60 months of imprisonment for committing an arson against one SPD vehicle and stealing a firearm out of another SPD vehicle during the protest on May 30, 2020. *United States v. Means*, CR20-182 RAJ.

Like Channon, each of the above defendants was charged by Indictment with a crime that carried a mandatory minimum sentence; specifically, the offense of Arson, in violation of Title 18, United States Code, Sections 844(f)(1) and (i), which has a five-year mandatory minimum sentence. However, the government extended plea offers which allowed each of the defendants to enter guilty pleas to an alternative offense that did not have a mandatory minimum sentence.[1]

Without detailing the specifics of the parties' plea negotiations in this case, it is important to note that the government approached the resolution of Channon's case consistently with the above referenced cases. For her own reasons, Channon elected to enter a guilty plea to an Arson offense with a five-year mandatory sentence, rather than to pursue other options that were presented to her.

A 60-month sentence in this case is appropriate and does not create an unwarranted sentencing disparity. Unlike the above-referenced defendants, Channon

---

[1] Defendant Tyre Means ultimately chose to enter a guilty plea to the mandatory minimum Arson charge because, with that resolution, state prosecutors agreed to recommend concurrent sentences in multiple pending burglary cases.

GOVERNMENT'S SENTENCING MEMORANDUM - 7
*United States v. Channon,* CR20-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

committed a *series of arsons* over a *substantial period* in a *calculated and deliberate* manner. The arsons placed numerous bystanders in harm's way. Channon also engaged in looting and property destruction. The scope of Channon's criminal activities – and her role as one of the primary instigators of the civil disorder at the May 30 protest – warrants a 60-month sentence in this case.[2]

### D. The Need to Afford Adequate Deterrence to Criminal Conduct.

This case presents the Court with an opportunity to send an important message of general deterrence. The gathering on May 30, 2020, ended up being one of many legitimate protests that were undermined by criminal actors like Channon. Regrettably, we saw similar scenes play out in Seattle and throughout the United States during the spring and summer of 2020 and beyond. Indeed, as noted above, Channon's case is one of several brought in our district involving arsons and other dangerous criminal activities occurring in the context of peaceful protests turned into civil disorders as the result of dangerous acts undertaken by a few criminal actors.

The Court should take this opportunity to send a powerful deterrent message. The right to peacefully protest and gather in support of social and political causes is one of the dearest and most important rights we enjoy in the United States. Protecting the ability of our citizens to express their views in this way is of paramount importance. Offenders like Channon took advantage of, and abused, the cover of lawful protests to carry out dangerous and destructive criminal acts, thereby risking the safety of the peaceful protestors and undercutting their important messages and causes. A term of 60 months in federal prison would afford adequate deterrence.

//

//

---

[2] Unlike the other defendants, Channon was charged with five counts of Arson as well as a sixth offense that carried a 10-year mandatory minimum sentence; that is, Count 6 of the Indictment which charged Use of Fire to Commit a Felony, in violation of Title 18, United States Code, Section 844(h)(1). As part of the plea agreement, the government agreed to dismiss Count 6.

GOVERNMENT'S SENTENCING MEMORANDUM - 8
*United States v. Channon,* CR20-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### E. Restitution.

The Plea Agreement contains a restitution provision stating that the Court will determine the ultimate amount of restitution owed to the SPD. The government is presently in the process of collecting the necessary documentation from the SPD. At sentencing, the government will either present this evidence to the Court for a restitution finding or will request that the Court set a restitution hearing in the future if more time is necessary to collect the documentation.

### IV.   Conclusion.

For all the reasons set forth above, the government recommends that the Court sentence Channon to a term of imprisonment of 60 months and a term of supervised release of three years, with all the conditions of supervised release recommended by the Probation Office.

DATED this 8th day of February, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*/s Todd Greenberg*
TODD GREENBERG
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-3903
Phone: 206-553-7970
Facsimile: 206-553-4440
E-mail: Todd.Greenberg4@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 9
*United States v. Channon,* CR20-129 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970