UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR20-129JCC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFENSE SENTENCING |
| | ) | MEMORANDUM |
| MARGARET CHANNON, | ) | |
| Defendant. | ) | |
| | ) | |

## I.    BACKGROUND

The spring of 2020 cleaved open this nation's soul. Psyches already inundated by conflicting isolation-induced desperation for human contact and fear of the lonely death such contact could inflict, millions of people crested a breaking point when they witnessed the brutality of George Floyd's murder. Millions watched a father and son choke out his final words—begging for his life and calling for his mother, surrounded by bystanders pleading for mercy—before falling silent beneath Derek Chauvin's cruel knee. The nation watched, over and over, broadcast footage of yet another instance of a police officer murdering a Black man as he pleaded for breath. It was too much.

Anguish, rage, and determination animated protests that saw millions of Americans pour into city streets across the nation calling for racial justice.[1] Margaret

---

[1] *See* Buchanan, Larry, *et al.*, *Black Lives Matter May Be the Largest Movement in U.S. History*; THE NEW YORK TIMES, July 3, 2020 ("Four recent polls...suggest that about 15 million to 26 million people in the United States have participated in demonstrations over the death of George Floyd and others in recent weeks.") (available at:

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Channon was among them. Moved to put her body on the line as part of a call for justice and police accountability, Ms. Channon participated in protests on both May 29th and May 30th. Despite the Seattle Police Department's (SPD) brutal use of tear gas, pepper spray, flash-bang grenades, "blast balls," and rubber bullets against protestors,[2] Ms. Channon stayed downtown and returned the following day because she felt so deeply about the need for justice and accountability.

Ms. Channon peacefully protested on May 29, 2020. Notably, a photo from the government shows her engaged in a peaceful protest tactic commonly urged upon white allies—standing or walking at the front of protest groups in situations where the police are behaving aggressively. The tactic aims to reduce tension with the police and buffer against police aggression aimed at protesters of color:



Dkt. 1, at 11; *see also* dkt. 35, at 2 (order denying government motion to revoke appearance bond) (citing above photo).

---

*https://www.nytimes.com/interactive/2020/07/03/us/george-floyd-protests-crowd-size.html*); *see also* dkt. 35, at 2 (citing the same).
[2] The Seattle Police Department's use of such weapons against peaceful protestors rose to such an extreme level that the Honorable Richard A. Jones issued a temporary restraining order against SPD enjoining it from deploying "chemical irritants or projectiles of any kind against persons peacefully engaging in protests or demonstrations[]" except in limited cases. *Black Lives Matter Seattle-King County, et al. v. City of Seattle*; 2:20-cv-00887-RAJ, Dkt. 34, at 11.

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

The next day, however, as tensions rose, Ms. Channon made decisions she now regrets and engaged in a "seriously misguided attempt to effect positive change[.]" Dkt. 35, at 8. She set fire to SPD vehicles—against the wishes of the movement she hoped to support. Reflecting upon this, she writes: "I apologize for the damage I caused. Black Lives Matter is an organization with leadership that does not condone illegal activity. I apologize to the many workers and activists – who have given decades of their lives to building a countermeasure to police violence – that did not want to see fire in June of 2020." Exh. A (Ms. Channon's letter to the Court). For that crime, she has pleaded guilty to arson and asks this Court to impose a five-year prison sentence.

## II.     UNITED STATES SENTENCING GUIDELINES

The defense has no objection to the advisory guidelines calculations outlined in the Presentence Report. In light of the applicable mandatory minimum sentence, the advisory guideline range is 60-63 months' imprisonment. PSR ¶63.

## III.     RESTITUTION

While the SPD has requested restitution, it has not provided the government with any underlying documentation supporting the figure it requests. Counsel understands that the government has specifically requested this information from SPD following counsel's request.[3] *See* Dkt. 76, at 9. The defense does not agree to a specific restitution figure absent the ability the review related documentation.

## IV.     SENTENCING RECOMMENDATION & 18 U.S.C. § 3553(a) FACTORS

The defense joins the government in recommending that the Court sentence Ms. Channon to five years in prison. The defense recommends that the Court order Ms. Channon to complete one year of supervised release after her prison sentence. In

---

[3] The SPD produced a spreadsheet to the government regarding its restitution request, which the government provided to defense counsel on November 24, 2021. The same day, counsel requested additional information and documentation regarding the restitution amounts listed in SPD's spreadsheet. Counsel understands that the government has followed up with SPD multiple times, yet no underlying documentation has been provided to date.

DEFENSE SENTENCING MEMORANDUM
(*United States v. Margaret Channon*, CR20-129JCC) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

making this recommendation, the defense notes that Ms. Channon has spent roughly 19 months on Pretrial Services supervision without re-offense. This sentence is sufficient and a greater sentence is unnecessary to serve any sentencing purpose.

Ms. Channon's personal history around political activism is not new. She grew up "in a family with a culture of service, social awareness, and a sense of obligation to justice." Exh. 2 (letter from Elizabeth MacGahan). In speaking with Ms. Channon, it is clear that the lessons she learned as a child animate the way she walks through the world. She believes strongly in using her intelligence, skills, and privilege to help others; and speaks with empathy and sincerity when describing the causes she has worked to serve. Watching George Floyd's murder, she felt called to action. She is glad that she again took to the streets to protest as part of a movement. She regrets, however, having committed crimes that betrayed that movement's wishes. Exh. 1.

Ms. Channon knows that Black Lives Matter was not her cause to coopt. *Id.* She cares deeply about social justice and is sincerely remorseful for having engaged in arson contrary to Black Lives Matter's mission and directives. She takes full responsibility for her actions, blames no one but herself, and is prepared to accept the full brunt of the consequences of her decisions. Her sense of personal accountability is exceptional in the degree to which she is unwilling to contribute further to her decisions casting a cloud over the movement. Indicative of this, Ms. Channon chose to plead guilty to arson rather than to the lesser offense of conspiracy when offered the option. Despite meaning that she forfeit the ability to ask for a sentence less than five years, Ms. Channon was adamant that she would not do anything to shift blame to others for decisions that were hers alone. Understanding that she took destructive action when so many people around her chose not to, she was not willing to claim that she acted in agreement with others—even if it could mean a lesser sentence.

//

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

The combination of Ms. Channon's exceptional internalization of accountability for her actions and the roughly 19 months she has spent on Pretrial Services supervision without re-offense support concluding that she does not present an ongoing danger to the community and that lengthy supervision upon release is unnecessary. This is particularly true given the historically unique circumstances under which Ms. Channon committed her crime. As this Court observed:

> However, to understand the precise danger Channon poses to the community, one must consider both the nature of Channon's alleged crime and the context in which it occurred. Channon is not charged with attacking a police officer or with physically harming anyone. Instead, Channon is charged with destroying property in what appears to have been an act of political protest during perhaps the largest outcry over police violence in history.

Dkt. 34, at 6 (internal citations omitted). Even if similar circumstances were to present themselves, Ms. Channon is now chastened by understanding that her actions were at odds with the movement she undertook them to support. Exh. 1.

Ms. Channon has taken responsibility for what this Court recognized is a serious crime, irrespective of the circumstances under which it occurred. Dkt. 34, at 6. A five-year sentence is sufficient to reflect the seriousness of her offense, promote respect for the law, and serve any deterrent goal, particularly given that Ms. Channon has never served a prison sentence. PSR ¶¶31-35. While the defense does not believe that Ms. Channon is presently in need of specific deterrence, it understands that the Court also considers the goal of general deterrence. Toward that end, Ms. Channon's sentence publicly reflects that people who commit crimes during political protest will be held accountable no matter how righteous the movement they endeavor to support.

This case represents an aberration during a time of historic societal upheaval. By all accounts, Ms. Channon is a smart, thoughtful, caring person for whom this case was an anomaly. Exh. 2. During her sentence, Ms. Channon hopes to gain skills that will

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

help her to contribute positively to society. Exh. 1. The record amply supports belief that she will do just that when released.

DATED this 23rd day of February 2022.

Respectfully submitted,

s/ *Vanessa Pai-Thompson*
Assistant Federal Public Defender
Attorney for Margaret Channon

DEFENSE SENTENCING MEMORANDUM
(*United States v. Margaret Channon*, CR20-129JCC) - 6

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**